**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Nicole Jacqueline Levesque,<br><br>                        Debtor | Chapter 7<br>Case No. 17-10107 |

## ORDER DISMISSING CASE

Ms. Levesque filed a chapter 7 case on July 28, 2009 and received a discharge under 11 U.S.C. § 727 on November 12, 2009. She then filed this chapter 7 case on March 22, 2017. Ms. Levesque's current chapter 7 case was commenced less than eight years after she filed her prior chapter 7 case. As a result, she is not eligible to receive a discharge in the current chapter 7 case. *See* 11 U.S.C. § 727(a)(8) ("The court shall grant the debtor a discharge unless . . . the debtor has been granted a discharge under [11 U.S.C. § 727] . . . in a case commenced within 8 years before the date of the filing of the petition[.]").

The United States Trustee does not seek a denial of a discharge. Instead, he seeks a dismissal of Ms. Levesque's case under 11 U.S.C. § 707(a) for cause. The United States Trustee contends that Ms. Levesque's inability to receive a chapter 7 discharge in this case is, by itself, cause for dismissal. Ms. Levesque has opposed the dismissal of her case.

There is support in the case law for the United States Trustee's position. *See, e.g.,* In re Rades, 2010 WL 1609726 (Banrk. M.D. Fla. April 19, 2010). But there is also support for the contrary position. *See, e.g.,* In re Harkins, 445 B.R. 414 (Bankr. E.D. Pa. 2009).

The Court need not determine, in this case, whether to adopt the position taken by the United States Trustee or to follow any of the other lines of authority on this issue. Eligibility to be a debtor in a chapter 7 case and entitlement to a chapter 7 discharge are governed by separate

-2-

sections of the Bankruptcy Code.  *See* 11 U.S.C. §§ 109, 727.   Beyond that, there could be legitimate reasons for a chapter 7 case when a debtor is not able to obtain a discharge in the case. However, the schedules, statement of financial affairs, and other documents filed by Ms. Levesque in this case do not suggest the existence of any valid bankruptcy purpose for this case other than the receipt of a discharge (which, for the reasons described above, will not be forthcoming).  In these circumstances, dismissal of the case is appropriate.

      This case is hereby dismissed on the United States Trustee's motion [Dkt. No. 10].

Dated: June 23, 2017

                Michael A. Fagone
                United States Bankruptcy Judge
                District of Maine